Susan K. Eggum, OSB No. 824576
Internet e-mail: eggum@cvk-law.com
Shane P. Swilley, OSB No. 053909
Internet e-mail: swilley@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019
Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KERI ERICKSON, fka Keri Warr,<br><br>　　　　　Plaintiff,<br>　v.<br><br>DAIMLER TRUCKS NORTH AMERICA,<br>LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendant. | Case No.: 3:10-cv-00132-ST<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

Plaintiff claims defendant Daimler Trucks North America, LLC ("DTNA") violated ORS 659A.030 by failing to remedy sexual harassment by her supervisor, Dan Garner ("Garner"). Complaint, ¶¶ 1-9. Garner did not engage in sexual harassment. However, for purposes of this motion only, conduct constituting sexual harassment will be presumed. As explained in Section III below, the undisputed evidence is that DTNA

Page 1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

promptly remedied any harassment within seven business days after plaintiff reported it to Human Resources ("HR").

Plaintiff also claims DTNA retaliated against her in violation of ORS 659A.030 by failing to promote her, transferring her, and discharging her. Complaint, ¶¶ 14-18. DTNA is entitled to summary judgment on plaintiff's claims of retaliation, as explained in Section IV below. It is undisputed that the position to which plaintiff believes she would have been promoted was never created; that plaintiff initiated and chose to transfer to a different department; and that plaintiff's employment was terminated as part of a massive company-wide layoff. Further, there is no evidence that plaintiff's complaints of harassment played any role in whether a new position would be created in Extended Warranty; in her transfer; or in her layoff.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *see also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Sicor Ltd. v. Cetus Corp.,* 51 F.3d 848, 853 (9th Cir. 1995); *Riley v. Giguiere,* 631 F.Supp.2d 1295, 1301-02 (E.D.Cal. 2009). The moving party "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does

Page 2 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968); *Sicor Ltd.,* 51 F.3d at 853. The opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits and admissible discovery material in support of its contention that a genuine dispute exists. FRCP 56(e); *Matsushita,* 475 U.S. at 586 n. 11; *see also First Nat'l Bank,* 391 U.S. at 289; *Rand v. Rowland,* 154 F.3d 952, 954 (9th Cir. 1998).

The opposing party must further demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Owens v. Local No. 169, Ass'n of Western Pulp and Paper Workers,* 971 F.2d 347, 355 (9th Cir. 1992) (quoting *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987)), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Anderson,* 477 U.S. at 248-49; *see also Cline v. Indus. Maint. Eng'g & Contracting Co.,* 200 F.3d 1223, 1228 (9th Cir. 2000).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in FRCP 56(c), is satisfied." *Id.* at 323.

Page 3 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

### III. PLAINTIFF'S CLAIM OF SEXUAL HARASSMENT

Plaintiff alleges she was subjected to a sexually hostile work environment by her supervisor, Garner, in violation of ORS 659A.030. Complaint, ¶¶ 1-13. DTNA can be held liable for Garner's alleged harassment of plaintiff only if: (a) Garner took, or caused to be taken, a tangible employment action against plaintiff, OAR 839-005-0030(4); or (b) DTNA knew of the alleged harassment and failed to take immediate and appropriate corrective action. OAR 839-005-0030(5).

"A tangible employment action includes but is not limited to the following: (a) terminating employment, including constructive discharge; (b) failing to hire; (c) failing to promote; or (d) changing a term or condition of employment, such as work assignment, work schedule, compensation or benefits or making a decision that causes a significant change in an employment benefit." OAR 839-005-0030(4). Garner did not take any tangible employment actions, or cause a tangible employment action to be taken, against plaintiff. Nor is there any such evidence. Therefore, DTNA is not liable for sexual harassment under OAR 839-005-0030(4).

DTNA also is not liable for the alleged sexual harassment because it took "immediate and appropriate corrective action." OAR 839-005-0030(5). Courts have not addressed what constitutes "immediate and appropriate corrective action" under OAR 839-005-0030(5). However, the Ninth Circuit's interpretation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E *et seq.*, is instructive when interpreting ORS 659A.030. *Harris v. Pameco Corp.*, 170 Or App 164, 176 (2000).

Title VII requires employers to take immediate and appropriate corrective action that is reasonably calculated to end the sexual harassment. *Yamaguchi v. United*

Page 4 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

*States Dep't of the Air Force,* 109 F.3d 1475, 1482 (9th Cir. 1997); *Star v. West,* 237 F.3d 1036, 1038 (9th Cir. 2001). The reasonableness of an employer's remedy will depend on its ability to (a) stop the harassment, and to (b) persuade potential harassers from engaging in future unlawful conduct. *Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir. 1991).

An employer's adoption of an anti-harassment policy and efforts to disseminate the policy to its employees is enough to prove that an employer exercised reasonable care to dissuade potential harassers from engaging in unlawful conduct. *Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1185 (9th Cir. 2005). It is undisputed that DTNA has an anti-harassment policy that it disseminates to its employees. Concise Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ("Stmt. of Facts"), ¶ 4. As a matter of law, DTNA took reasonable care to prevent potential harassers from engaging in unlawful conduct. *See Hardage*, 427 F.3d at 1185.

The court must consider the totality of the circumstances to determine whether the employer's response to a complaint was appropriate. *Hardage, supra,* 427 F.3d at 1186. The employer must conduct an investigation when it receives a complaint of sexual harassment. *Swenson v. Potter,* 271 F.3d 1184, 1193 (9th Cir. 2001). This is true unless the accuser requests an investigation not be done. *Hardage,* 427 F.3d at 1186-1187, n. 1. The employer also must take disciplinary action against the harasser, although it need not label the action "discipline." *Star, supra,* 237 F.3d at 1038-1039. "Counseling or admonishing the offender can constitute an adequate 'disciplinary' response." *Id.* at 1039.

Page 5 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

> "At the first sign of sexual harassment, an oral warning in the context of a counseling session may be an appropriate disciplinary measure if the employer expresses strong disapproval, demands that the unwelcome conduct cease, and threatens more severe disciplinary action in the event that the conduct does not cease. * * * If the harassment continues, limiting discipline to further counseling is inappropriate. Instead, the employer must impose more severe measures in order to ensure that the behavior terminates."

*Intlekofer v. Turnage*, 973 F.2d 773, 779-780 (9th Cir. 1992).

DTNA responded immediately and appropriately to stop Garner's alleged harassment of plaintiff. Plaintiff claims Garner began harassing her on Saturday, September 29, 2007. Complaint, ¶ 5. Plaintiff reported Garner's harassment to Knobeloch on October 31, 2007. She repeatedly told Knobeloch she did not want to make a complaint to HR. Stmt. of Facts, ¶¶ 7, 10-12. Knobeloch respected plaintiff's requests to not go to HR, and he instructed Garner to cease inappropriate contact with plaintiff. *Id*. at ¶¶ 5-6, 13. For more than two months, plaintiff chose not to make a complaint to human resources. *Id*. at ¶¶ 7, 10-12. Plaintiff was initially satisfied with Knobeloch's attempts to resolve the situation within the department. *Id*. at ¶¶ 7, 10-12.

After hearing that Garner had been looking at her desk area on a day she was absent from work, plaintiff made a complaint to HR on Monday, December 10, 2007. Stmt. of Facts, ¶ 15. HR responded immediately and completed an investigation within four days. *Id*. at ¶¶ 15-17. Ford-Chilton interviewed plaintiff the day she complained to HR. *Id*. at ¶ 16. On December 10 and December 14, 2007, Watari interviewed Garner. *Id*. at ¶ 17. That Friday, December 14, 2007, DTNA decided to discipline Garner by giving him a written warning, requiring him to attend counseling, and removing his eligibility for promotion or transfer. *Id*. at ¶¶ 19-20. Three work days later, on

Page 6 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

Wednesday, December 19, 2007, Watari and Knobeloch met with Garner and disciplined him with a written warning. Stmt. of Facts, ¶ 22. During the seven work days between her complaint to HR and Garner's discipline, plaintiff reported two brief interactions with Garner that she found objectionable. *Id.* at ¶¶ 18, 21. Neither of those interactions had a sexual component. *Id.*

After Garner was disciplined on December 19, 2007, plaintiff worked under his supervision for one day before DTNA's holiday break began on December 21, 2007. *Id.* at ¶ 25. There is no evidence of harassment on that day.

On December 20, 2007, pursuant to an application initiated by plaintiff, the MDI Group offered her a position, which she accepted. *Id.* at ¶¶ 14, 23. Plaintiff returned to full-time work when she started her new job in the MDI group on January 7, 2008. *Id.* at ¶¶ 25-27. Plaintiff did have to complete tasks assigned to her from Extended Warranty, and provide status reports to Garner, as part of a transition period lasting thirteen work days. *Id.* at ¶ 29. Plaintiff admits that all her interactions with Garner during that time were work related. *Id.* at ¶ 29.

There is no issue of material fact as to whether DTNA acted immediately and appropriately to remedy the harassment plaintiff reported. Garner was disciplined within seven work days after plaintiff complained to HR, and the alleged harassment then ceased. DTNA is thus entitled to summary judgment on plaintiff's claim of sex discrimination under ORS 659A.030.

## IV. PLAINTIFF'S CLAIM OF RETALIATION

Plaintiff claims DTNA retaliated against her for complaining about sexual harassment by failing to promote her, by transferring her to another position, and by

Page 7 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

discharging her from employment. Complaint, ¶ 17. To prevail on those claims, plaintiff must prove: (1) she engaged in protected conduct; (2) that DTNA subjected her to adverse treatment that is reasonably likely to deter protected activity, regardless of whether it materially affects the terms, conditions, or privileges of employment; and (3) a causal connection exists between the protected conduct and the adverse treatment. OAR 839-005-0033(2). Plaintiff must present evidence that DTNA was motivated, at least in part, by her protected activity, and that, but for that activity, she would not have been subjected to adverse treatment. *Delima v. Home Depot U.S.A., Inc.*, 616 F.Supp.2d 1055, 1091 (D.Or. 2008).

### a. There Is No Evidence Plaintiff Was Denied A Promotion

There was no position in Extended Warranty to which plaintiff could be promoted. Therefore, DTNA did not deny plaintiff a promotion. The undisputed evidence is that the position to which plaintiff expected to be promoted was never formally proposed for the Extended Warranty Department, much less created. Stmt. of Facts, ¶ 24. There is no causal connection between plaintiff's complaints of harassment and her not receiving a promotion. DTNA is therefore entitled to summary judgment on plaintiff's claim that DTNA retaliated against her by failing to promote her.

### b. Plaintiff Chose To Transfer To Another Job

DTNA is entitled to summary judgment on plaintiff's claim that DTNA retaliated against her by promoting her to a new position at MDI because the transfer was not adverse treatment, i.e. "conduct that is likely to deter protected activity." OAR 839-005-0033(2). Plaintiff applied for the MDI Analyst I position on her own choice and initiative despite Knobeloch's reassurance that he wanted her to remain in Extended Warranty.

Page 8 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

Stmt. of Facts, ¶¶ 8, 14, 23. It is undisputed that plaintiff received a nine-percent salary increase as a result of that transfer. *Id.* at ¶ 20. No reasonable juror could conclude that plaintiff being hired for a position she applied for, with a raise, was "adverse treatment," i.e. conduct that would likely deter someone from reporting sexual harassment. Plaintiff is therefore unable to prove the second element of her claim.

Plaintiff is also unable to establish a causal connection between her complaints of harassment and her transfer. Plaintiff's complaints of harassment played no role in the decision to hire plaintiff for the job in MDI. Michelle Scasny ("Scasny"), the MDI Manager at the time, interviewed plaintiff and made the decision to hire her for the position. *Id.* at ¶ 23. Scasny selected plaintiff for the position because she was the best qualified applicant. *Id.* Scasny was unaware of plaintiff's claims of sexual harassment until after she hired plaintiff. *Id.* at ¶ 28. There is thus no evidence that DTNA promoted plaintiff to the MDI department because of her complaint.

In sum, plaintiff cannot prove the second and third elements of her claim that DTNA retaliated against her by transferring her to another position. Failure to prove either element is fatal to her claim. DTNA is thus entitled to summary judgment.

### c. Plaintiff Was Selected For Layoff Because She Was The Poorest Performing Employee In The Department

There is no evidence plaintiff's complaints of harassment were considered in the decision to end her employment with DTNA. Further, plaintiff admits she does not know if her complaints were a factor in her lay off. Stmt. of Facts, ¶ 39. Plaintiff was a casualty of an economic crisis that still remains. It is indisputable that, in early 2009, DTNA undertook a massive reorganization and reduction in manpower. *Id.* at ¶ 37. As

Page 9 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

a result, plaintiff was included in one of a series of layoffs on March 20, 2009. *Id.* at ¶ 51. Plaintiff was selected for layoff by the second-line supervisor of the MDI group, Mark Epley ("Epley"), in consultation with his supervisors, because plaintiff was the lowest performing employee in the MDI group. *Id.* at ¶¶ 38-40, 42-43, 45-50. Epley tried to find another position for plaintiff, but was unable to do so. *Id.* at ¶ 44. Epley had no knowledge of plaintiff's complaints of sexual harassment or her BOLI complaint. *Id.* at ¶ 53. Epley's decision was validated by plaintiff's supervisors in MDI, and by additional review from HR. *Id.* at ¶ 47, 50. While plaintiff's first supervisor in MDI, Michelle Scasny, may have been aware of plaintiff's complaint to HR, plaintiff does not know if her complaint was a factor in Scasny's opinion regarding plaintiff's work performance. *Id.* at ¶ 28. There is simply no evidence that plaintiff's complaints were a factor in the decision to include her in the lay off in March 2009.

The mere fact that an adverse action follows protected activity is not in itself enough to show causation. *Montgomery v. J.R. Simplot Co.,* 916 F.Supp. 1033, 1041 (D.Or. 1994), *aff'd,* 76 F.3d 387 (9th Cir. 1996). Here, plaintiff was laid off fifteen months after her December 2007 complaint to HR, and six months after her September 2008 complaint to BOLI. Adverse action taken long after the employer knows of the protected activity will not support an inference of retaliation. *Swan v. Bank of America*, 360 Fed.Appx. 903, 906 (9th Cir. 2009) (action taken 4 months after protected activity suggests no causal connection); *see Clark County School Dist. v. Breeden,* 532 U.S. 268, 273–274 (2001) (action taken 20 months after plaintiff filed complaint suggests no causal connection).

/ / /

Page 10 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127

For those reasons, DTNA is entitled to summary judgment on plaintiff's claim that she was laid off in retaliation for complaining about sexual harassment.

DATED: March 16, 2011.

                     /s/ Susan Eggum
                     _____
                     Susan K. Eggum, OSB No. 824576
                     Shane P. Swilley, OSB No. 053909
                     Telephone: (503) 323-9000
                     Fax: (503) 323-9019
                     E-mail: eggum@cvk-law.com
                                 swilley@cvk-law.com
                     Of Attorneys for Defendant
                     Trial Attorney: Susan K. Eggum, OSB No. 824576

Page 11 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1161127