IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KERI ERICKSON,

    Plaintiff,                                                                            No. 3:10-CV-00132-ST

    v.                                                                   OPINION AND ORDER

DAIMLER TRUCKS NORTH AMERICA, LLC,

    Defendant.


**MOSMAN, J.**,

On July 20, 2011, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") [94] in the above-captioned case recommending that defendant's Supplemental Motion for Summary Judgment [70] and Motion for Summary Judgment [47] be GRANTED in part and DENIED in part. Defendant filed objections [96] and plaintiff filed a response [97]. I adopt the F&R as my own opinion with regard to Judge Stewart's legal conclusions. Defendant raises three objections concerning the reasoning behind those conclusions, which I will discuss below.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  See *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendant, Daimler Trucks North America ("DTNA"), makes three objections to the F&R.  First, DTNA argues that the Magistrate Judge erred in finding an issue of fact as to whether the alleged harasser caused plaintiff to be denied a promotion pursuant to the *McDonnell Douglas* burden-shifting test. (Objections [96] 2). Second, DTNA argues that the Magistrate Judge erred by finding that causation was conceded as to plaintiff's allegation that she was retaliated against by being denied a promotion. (*Id*. at 5). Third, defendant argues that Oregon state law should have been used in assessing plaintiff's punitive damages claims. (*Id*. at 7).

### I. *McDonnell Douglas* Burden-Shifting Test

DTNA objects to the Magistrate Judge's use of the *McDonnell Douglas* burden-shifting test in analyzing plaintiff's sexual discrimination allegation that she was denied a promised promotion under Or. Rev. Stat. § 659A.030(1)(b). Instead, defendant asserts that plaintiff's state law claim should be analyzed under Or. Admin. R. 839-005-0030(4)(an employer is liable for its supervisor's sexual harassment "when the harassment results in a tangible employment action that the supervisor takes or causes to be taken against that individual"). Under the latter test, DTNA argues that plaintiff has presented no genuine issue of fact as to whether she was denied a promised promotion.

2 – OPINION AND ORDER

In *Snead*, the Ninth Circuit held that federal courts "sitting in diversity must apply the *McDonnell Douglas* burden-shifting scheme as a federal procedural rule," when "entertaining motions for summary judgment in employment discrimination cases arising under state law." *Snead v. Metro Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1094 (9th Cir. 2001). The Ninth Circuit now holds that *Snead* "applies in all cases in federal district court in which the choice between federal and state procedural law is presented… regardless of the source of the federal court's subject matter jurisdiction over a claim." *Dawson v. Entek Int'l.*, 630 F.3d 928, 935 (9th Cir. 2011).

Accordingly, the Magistrate Judge was correct in applying the *McDonnell Douglas* burden-shifting test when analyzing this claim.

## II.     Whether Causation was Conceded

Defendant objects to the Magistrate Judge's finding that DTNA conceded causation as to plaintiff's claim that she was denied a promotion in retaliation for reporting sexual harassment. (F&R [94] 31)("DTNA does not dispute that a denial of promotion is an adverse employment action or that the required causal link exists"). In doing so, defendant argues that the court did not analyze whether plaintiff satisfied her *prima facie* case for retaliation with regard to this specific allegation. DTNA's contention is that plaintiff has not satisfied her *prima facie* case and that summary judgment should be granted.

As a threshold matter, I note that defendant has not conceded the third element of causation. (Answer [3] ¶ 17); (Answer to First Am. Compl. [69] ¶ 18); (Memo in Support of Def.'s Mot. for Sum. Judg. [49] 8); (Def.'s Reply in Sup. of Mot. for Sum. Judg. [79] 11-12). DTNA does not concede causation by arguing that "plaintiff was never denied a promotion by anyone [because one did not exist], much less denied a promotion in retaliation for a complaint."

3 – OPINION AND ORDER

(Def. Obj. to Findings [96] 6). Therefore, I will analyze whether plaintiff's allegation that she was denied a promotion in retaliation for opposing sexual harassment survives defendant's motion for summary judgment.

Under the *McDonnell Douglas* burden-shifting analysis, plaintiff must first establish a *prima facie* case by proving: "(1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision." *Trent v. Valley Elec. Ass'n, Inc*., 41 F.3d 524, 526 (9th Cir. 1994).

Plaintiff satisfies the first prong, as the Ninth Circuit holds that "when an employee protests the actions of a supervisor such opposition is a 'protected activity.'" *Id.* at 526 (citing *E.E.O.C. v. Crown Zellerbach Corp.,* 720 F.2d 1008, 1014 (9th Cir. 1983)). Second, the failure to promote is clearly an adverse employment action. *Jamal v. Wilshire Mgmt. Leasing Corp*., 320 F. Supp. 2d 1060, 1079 (D. Or. 2004).

With regard to prong three, plaintiff began working as a "Warranty Analyst" in the Extended Warranty Department ("EWD") in August 2006; the harasser in this case, Dan Garner, was plaintiff's supervisor, while Adam Knobeloch was Mr. Garner's supervisor. (F&R [94] 3). Mr. Knobeloch's planned expansion of the EWD in 2007 included the creation of the position at issue in this case. (*Id*. at 14).

In October and November 2007, plaintiff maintains that Mr. Garner and Mr. Knobeloch both offered her promotion to the newly created position. (*Id*. at 6-7). Plaintiff stated that Mr. Garner eventually told her that her promotion had been approved. (*Id*. at 14). However, after plaintiff's continued complaints regarding Mr. Garner's sexual harassment, Mr. Knobeloch and Mr. Garner both suggested that she may need to consider a different position altogether if she

could not work under the former. (*Id*. at 6-7). On November 14, 2007, plaintiff emailed Mr. Knobeloch inquiring as to how a possible "transfer" would affect her EWD promotion. (*Id*. at 8). Plaintiff called Mr. Knobeloch again on November 20, 2007 because the issue was still not resolved. (*Id*. at 9).

On December 5, 2007, plaintiff applied for a DTNA position outside the EWD. (*Id*.) Plaintiff reported Mr. Garner's harassment to HR through Mr. Knobeloch on December 10, 2007. (*Id*.) Ms. Erickson accepted the outside position on December 20, 2007 and began working there on January 7, 2008. (*Id*. at 10). Plaintiff's EWD replacement was arguably hired as a "Warranty Analyst II," whereas plaintiff's "Status Change Notification" identified her EWD position as "Warranty Analyst." (*Id*. at 15-16).

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011)(citing *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). Plaintiff was promised a promotion by her supervisors. She continued to report her immediate supervisor's sexual harassment, and rather than affirmatively deal with the problem, Mr. Knobeloch advised that she consider a transfer. The supervisors' efforts to secure plaintiff's promotion appear to have stopped at best, and reversed at worst, in connection with her repeated reports of ongoing sexual harassment. As such, plaintiff has shown a causal link between her protected activity and the adverse employment decision, thus satisfying her *prima facie* case as to this allegation.

I adopt the Magistrate Judge's reasoning concerning the second and third steps under the *McDonnell Douglas* burden-shifting analysis. Accordingly, there is a genuine issue of fact as to plaintiff's retaliation claim concerning the alleged denial of promotion.

5 – OPINION AND ORDER

### III. Punitive Damages Claims

Whether to award punitive damages is a question of state law. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989)("In a diversity action, or in any other lawsuit where state law provides the basis of decision, *the propriety of an award of punitive damages for the conduct in question*, and the factors the jury may consider in determining their amount, are questions of state law.")(emphasis added). Plaintiff seeks punitive damages in connection with two state law claims. As such, the Magistrate Judge should have grounded her conclusion concerning the viability of plaintiff's punitive damages claims on Oregon state law, rather than citing the Title VII standard.

Under Or. Rev. Stat. § 31.730(1), in order to claim punitive damages, plaintiff must prove that the defendant "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." The Oregon Supreme Court holds that "malice" means "nothing more than a wrongful act done intentionally without just cause or excuse." *Friendship Auto Sales, Inc. v. Bank of Willamette Valley*, 716 P.2d 715, 722 (1986).

Defendant argues the standard for awarding punitive damages under Or. Rev. Stat § 31.730(1) is more stringent than the Title VII standard. Defendant cites no authority for this proposition. Under Title VII, a plaintiff may recover punitive damages when her employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of the aggrieved individual." 42 U.S.C. § 1981a(b)(1). In *Hedum v. Starbucks Corp.*, this court noted that the two standards were similar. 546 F. Supp. 2d 1017, 1029 (D. Or. 2008).

Therefore, I adopt the Magistrate Judge's reasoning in finding that a question of fact exists as to whether defendant "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others." Or. Rev. Stat. § 31.730(1).

## CONCLUSION

Upon review, I ADOPT Judge Stewart's F&R [94] as my own opinion as to each of her legal conclusions with the additional explanation provided herein. Defendant's Supplemental Motion for Summary Judgment [70] and Motion for Summary Judgment [47] shall be GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this __6th__ day of October, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

7 – OPINION AND ORDER